656

Paramjit KAUR;  et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74772.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Margaret K. Taylor, Esq., Barry J. Pettinato, Esq., U.S. Department of Justice,

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Paramjit Kaur and her two children, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), we deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the denial of asylum because Kaur failed to establish that her problems with the Indian police or fear of future harm were on account of a protected ground. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004).

■ We lack jurisdiction over Kaur's contentions relating to family as a particular social group and official retaliation for exposing governmental corruption because these claims were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

■ Because Kaur failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

■ Substantial evidence supports the denial of CAT relief because Kaur failed to show it is more likely than not that she will be tortured if she returns to India. *See Kumar v. Gonzales,* 444 F.3d 1043, 1055–56 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

